# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TERESA FORD, on behalf of herself
and all others similarly situated,** *et al.*

    **Plaintiffs,**

                                            Civil Action 2:16-cv-278
                                            Judge Michael H. Watson
        v.                                      Magistrate Judge Chelsey M. Vascura

**P.H. GLATFELTER COMPANY,**

    **Defendant.**

## **ORDER**

This matter is before the Court for consideration of Plaintiffs' Motion for Partial Voluntary Dismissal of Class Allegations (ECF No. 23) and Defendant P.H. Glatfelter Company's Motion to Strike Plaintiffs' Class Allegations (ECF No. 22). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Partial Voluntary Dismissal and **DENIES** Defendant's Motion to Strike as **MOOT**.

On March 29, 2016, Plaintiffs filed the present case as a purported class action. (ECF No. 1.) Plaintiffs' Complaint included various class action claims against Defendant regarding the alleged release of noxious odors and air particulates into, and onto, Plaintiffs' property. (*Id.* at PAGEID# 1.) On July 20, 2016, the Court issued a Preliminary Pretrial Order, in which the Court set May 1, 2017, as the due date for class certification motions. (ECF No. 9.) On January 9, 2017, the Court granted the parties' joint motion for extension of certain case management deadlines, and moved the deadline to file a motion to certify a class to August 1, 2017. (ECF No. 13.) The parties did not seek further extension of the class certification motion deadline in

their March 8, 2017 joint motion. (ECF No. 17.) Additionally, in the parties' June 29, 2017 Joint Motion to Partially Modify Case Schedule, the parties requested only a brief extension of the cut-off date for class-related discovery and the opposition and reply deadlines. (ECF No. 19.) Accordingly, the class certification motion deadline remained unchanged as August 1, 2017. (ECF No. 21.)

On August 24, 2017, Defendant filed its Motion to Strike Plaintiffs' Class Allegations. (ECF No. 22.) Defendant sought to strike Plaintiffs' Complaint of all class allegations with prejudice due to Plaintiffs' failure to comply with the Court's scheduling order for class certification motions. (*Id.* at PAGEID# 119-120.) Defendant also sought an award of attorneys' fees and expenses due to Plaintiffs' non-compliance with the Court's scheduling order and Federal Rule of Civil Procedure 16(f). (*Id.* at 121-122.) Specifically, Defendant asserts that Plaintiff failed to request an extension of the deadline to file class certification motion, despite being fully aware of missed deadline. (*Id.*) Defendant attached an attorney affidavit and certain email correspondence, which evidence Plaintiffs' intention to seek leave to file an untimely motion for class certification. (ECF No. 22-1.)

On August 29, 2017, Plaintiffs' filed their Motion for Partial Voluntary Dismissal of Class Allegations. (ECF No. 23.) Plaintiffs moved to dismiss the class allegations from the Complaint (ECF No. 1), and noted that Defendant had consented to the motion. (ECF No. 23, PAGEID# 137.) Thus, Plaintiffs' Motion for voluntary dismissal of their class allegations is **GRANTED** pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 23.) All of Plaintiffs' class allegations set forth in the Complaint (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE**.

Given Plaintiffs' voluntary dismissal of all class allegations, and that Defendant sought to

2

strike the class allegations as the appropriate remedy for Plaintiffs' failure to comply with the scheduling orders, Defendant's Motion to Strike is **DENIED** as **MOOT**.  (ECF No. 22.)  In addition, the Court **DENIES** Defendant's request for attorneys' fees and other expenses.  (*Id.* at PAGEID# 121-122.)  Defendant sought sanctions pursuant to Federal Rule of Civil Procedure 16(f) for Plaintiffs' failure to comply with the case schedule.  (*Id.*)  However, the record reflects that Plaintiffs have not sought an untimely extension of the case schedule.  Instead, Plaintiffs filed a voluntary dismissal of the class allegations.  (ECF No. 23.)  Therefore, Plaintiffs did not violate the case schedule deadline.

    **IT IS SO ORDERED**.

                                                  /s/ *Chelsey M. Vascura*
                                                CHELSEY M. VASCURA
                                                UNITED STATES MAGISTRATE JUDGE